**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY LEE HOWARD,

    Defendant - Appellant.

No. 18-8086
(D.C. No. 1:18-CR-00051-SWS-3)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Timothy Lee Howard pleaded guilty to one count of unlawfully distributing

methamphetamine.  He was sentenced to serve 100 months in prison after the district

court varied downward from the advisory Sentencing Guidelines range of 151 to 188

months.  Although his plea agreement contained a waiver of his appellate rights, he

filed a notice of appeal.  In his docketing statement, he indicated he wants to

challenge his sentence on appeal.  The government has moved to enforce the appeal

waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315

(10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Mr. Howard's appeal is within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

Mr. Howard responds to the government's motion as follows: "Appellant Timothy Lee Howard, through undersigned counsel, takes no position on the United States' Motion to Enforce Appeal Waiver filed by the United States of America in this appeal." Resp. at 1. We do not consider this an objection to the motion, and the reasoning in the government's motion is sound. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

2